**KALIELGOLD PLLC**
Jeffrey D. Kaliel (SBN 238293)
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 280-4783
jkaliel@kalielpllc.com

**KALIELGOLD PLLC**
Sophia G. Gold (SBN 307971)
950 Gilman Street, Suite 200
Berkeley, CA 94710
Telephone: (202) 350-4783
sgold@kalielgold.com

**EDELSBERG LAW, P.A.**
Scott Edelsberg (SBN 330990)
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Attorneys for Plaintiffs and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZHEA ZHEA ZARECOR AS PERSONAL REPRESENTATIVE OF ZHEA ZARECOR SALAZAR, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DISCORD INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

1. Plaintiff Zhea Zhea Zarecor as personal representative for her son Zhea Zarecor Salazar ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendant Discord, Inc. ("Discord") and alleges the following:

///

///

## I. INTRODUCTION

2. Plaintiff brings this action on behalf of herself the general public, and a class of similarly situated consumers against Discord, regarding its automatic renewal scheme with respect to its Discord Nitro subscriptions.

3. Specifically, Discord cancels users subscriptions for its Discord Nitro services on its own volition, and then continues to charge subscribers for months after the cancellation.

4. In so doing, Discord systematically violates state automatic renewal laws, including those of California, by engaging in a pattern and practice of exploiting its members by continuing to charge them monthly fees, without consumers' consent, after their subscriptions have been canceled.

5. On behalf of herself and the proposed class, Plaintiff seeks damages, restitution, statutory damages, attorneys' fees, and public injunctive relief, as set forth more fully below.

## II. PARTIES

6. Plaintiff Zhea Zhea Zarecor, and her son Zhea Zarecor Salazar, are citizens and residents of San Antonio, Texas.

7. Defendant Discord, Inc. is a California corporation with its principal place of business and headquarters in San Francisco, California. Per its website, "Discord is a voice, video and text communication service used by over a hundred million people to hang out and talk with their friends and communities."[1]

## III. JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action because (1) the proposed classes are comprised of at least 100 members, (2) at least one member of the proposed class is a citizen of a state other than California, and (3) the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2) and (6).

9. Venue is proper in the United States District Court for the Northern District of California because Discord is subject to personal jurisdiction in the Northern District, because

---

[1] https://discord.com/company (last accessed October 12, 2023).

Discord regularly conducts business in the Northern District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the Northern District. 28 U.S.C. § 1391.

## IV.   FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### A.   California Automatic Renewal Law

10. The Automatic Renewal Law ("ARL") is part of California's False Advertising Law. The purpose of the ARL is to "end the practice of ongoing" subscription charges "without the consumers' explicit consent." Cal. Bus. & Prof. Code §17600. To this end, the law makes it illegal for companies to charge consumers for automatically renewing subscriptions, unless the company meets strict disclosure and consent requirements.

11. Under the ARL, a company must "present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer." Cal. Bus. & Prof. Code §17602(a)(1).

12. The "automatic renewal offer terms" that must be presented include:

   1) That the subscription or purchasing agreement will continue until the consumer cancels.

   2) The description of the cancellation policy that applies to the offer.

   3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known.

   4) The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer.

   5) The minimum purchase obligation, if any.

Cal. Bus. & Prof. Code §17601(b)(1)-(5).

13. A "clear and conspicuous" disclosure "means in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the

surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code §17601(c).

14. After presenting all of this information, the company must then obtain the "consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms." Cal. Bus. & Prof. Code §17602(a)(2).

15. The ARL also includes post-purchase acknowledgment requirements (required in addition to the pre-purchase requirements described above). Cal. Bus. & Prof. Code §17602(a)(3) & (b).

**B.  Overview of Didscord and its Nitro Subscription**

16. Discord is an instant messaging and VoIP social platform. Discord users have the ability to communicate with voice calls, video calls, text messaging, media and files in private chats or as part of communities called "servers." A server is a collection of chat rooms and voice channels which can be accessed via invite links. Discord is popular among gamers and students.

17. Discord users can create an account for free, and purchase a Discord Nitro subscription for additional features.

18. While forming a Discord account, users must enter their date of birth. Discord users must be at least 13 years old.

19. Discord terminates accounts on its own volition for many reasons, including upon discovery that a Discord user does not meet the minimum age requirements. Discord promises that in the event Discord determines to cancel a discord membership, any subscription associated with the account will be automatically cancelled.

20. Subscribers to Discord Nitro offers Discord users additional features such as uploads, custom emojis, nitro badges, HD streaming, and server boosts, depending on the exact Discord Nitro subscription selected.  The Discord Nitro Basic Plan is $2.99/month while Discord Nitro plan is $9.99 a plan.



21. During the applicable class period, Discord also offered a service called Discord Classic for $4.99/month.

22. Subscribers may also elect to purchase yearly subscriptions which renew annually.

C. **Discord Cancels Paid Discord Nitro Subscriptions and Continues to Charge Consumers in Violation of the ARL**

23. In December of 2020, Plaintiff's son, Zhea Zarecor Salazar, at age 10, purchased a Discord Nitro subscription, renewing at $10.81 ($9.99 plus tax) each month.

24. In December of 2020 Discord terminated Plaintiff's son's Discord account because he did not meet Discord's minimum age requirements to have an account.

25. Yet, Discord continued to bill Plaintiff for a Discord Nitro subscription that her son was no longer able to access from January 2021 through February of 2022.

D. **Online Consumer Complaints Confirm Discord's Deceptive Cancellation Practices.**

26. Defendant is well aware that it cancels the accounts of Discord Nitro subscribers, and then continues to charge consumers for paid subscriptions after its cancellation. The following online

5

consumer complaints are indicative of a broader problem:

> Around 2020 i subcribed for their nitro service which is $9.99 a month. I did this to create a chat server for myself and two close buddies of mine.. Nitro gives you cool perks for your server among other things. I had monthly recurring payments setup through paypal since 2020 and about a few weeks ago i returned back from work and tried to sign onto my server and to my disappoinment my account was disabled and i was baffled. I found an email that told me that my account has been disabled because of a chargeback to their nitro service which violates their TOS and that i have ********************************************************************** ************************************ else they will delete my account.. The issue is i never initiated a chargeback to begin with, however i called paypal anyhow and before i called them i looked at my account details and it said "active". It was withdrawing $9.99 a month for their services through my debit card. When i contacted discord they saw nothing wrong and no chargebacks. I then contacted my credit union and they told me nothing was wrong as well. The reason i am contacting you today is because i got only one email from an actual human being telling me what to do to get my account back, and i did what they asked, but they never answer back. I sent them screen shots of how my acount is active on paypal and told them that both paypal and my credit union said there was no chargeback and still no response. I am afraid to permanently lose my account because there isnt any other methods of contacting them except for email. This is totally unfair that paying customers get only 14 days to fix their accounts but takes them so long to answer back to you.[2]

> On August 22nd 2023, I noticed my PayPal account associated with my discord account was being charged $4.99 a month since September 2022. I then emailed discord customer support to find out what was going on and to at least receive what I've been paying for. After a couple of days I received a reply from discord agent that made no sense and did not answer my question at all and when I tried to question it, the communication just stopped from discords end. 2 weeks later without any response, On Sept 9th 2023, I started a dispute for the charges with PayPal, right after that I received an email from discord for violating ToS and  account was banned. The email stated that I needed to cancel all of the charge backs and submit proof of it. I had no choice but to cancel all of the disputes to get my account back since I run a 800 members server and I am about to lose it all because discord supprt simply won't reply, nor solve the issue.[3]

---

[2]https://www.bbb.org/us/ca/san-francisco/profile/computer-software/discord-inc-1116-918699/complaints?page=2 (last accessed October 12, 2023).

[3]*https://www.bbb.org/us/ca/san-francisco/profile/computer-software/discord-inc-1116-918699/complaints?page=3* (last accessed October 12, 2023)

These reviews are merely a sampling of the negative comments consumers have left about Defendant's deceptive cancellation policies and practices.

## CLASS ALLEGATIONS

27.     Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28.     The proposed classes ("Classes") are defined as follows:

<u>The Cancellation Class</u>: All persons in the United States who, within the applicable statute of limitations period, had their account cancelled by Defendant and were subsequently charged by Defendant ("Cancellation Class").

29.     Plaintiff also brings claims on behalf of a Texas subclass.

30.     Excluded from the Classes are (i) Defendant and Defendant's subsidiaries and affiliates; (ii) Defendant's officers, directors, and employees; (iii) entities in which Defendant has a controlling interest; (iv) the judicial officer(s) to whom this action is assigned; and (v) the immediate family members, legal representatives, heirs, successors, or assigns of any party excluded under (i)–(iv).

31.     Plaintiff reserves the right to modify or amend the definition of the proposed Class and to add subclasses before this Court determines whether certification is appropriate.

32.     This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

33.     As to numerosity: The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Discord's records. Discord has the administrative capability through its computer systems and other records to identify all members of the Class, and such specific information is not otherwise available to Plaintiff.

34.     As to commonality: The questions here are ones of common or general interest such that there is a well-defined community of interest among Class members. These questions predominate over questions that may affect only individual class members because Discord has acted on grounds generally applicable to the class. Such common legal or factual questions include, but are

not limited to: (i) whether Defendant engaged in the conduct alleged herein; (ii) whether Defendant's conduct was deceptive, (iii) whether Defendant's conduct caused class members harm; (iv) whether Defendant's conduct violated state consumer protection laws; (v) the appropriate measure of damages; and (vi) whether Plaintiff and the class are entitled to declaratory relief, injunctive relief, restitution, or a combination of these.

35. As to typicality: Plaintiff' claims are typical of the claims of the other members of the Class in that they arise out of the same wrongful business practices by Discord, as described herein. The evidence and the legal theories regarding Defendant's alleged wrongful conduct committed against Plaintiff and absent Class members are substantially the same because the challenged practices are uniform for Plaintiff and Class members. Accordingly, in pursuing their own self-interest in litigating the claims, Plaintiff will also serve the interests of the Class.

36. As to adequacy: Each Plaintiff is a more than adequate representative of the Class pursuant to Rule 23 in that each Plaintiff is a Discord owner and has suffered damages as a result of Discord's deceptive practices. Additionally, (i) Plaintiff are committed to the vigorous prosecution of this action on behalf of herself and all others similarly situated; (ii) Plaintiff have retained competent counsel experienced in the prosecution of class actions; (iii) there is no conflict of interest between Plaintiff and the unnamed members of the Class; (iv) Plaintiff anticipate no difficulty in the management of this litigation as a class action; and (v) Plaintiff' legal counsel has the financial and legal resources to meet the substantial costs and address the legal issues associated with this type of litigation.

37. As to predominance: The matter is properly maintained as a class action under Rule 23 because the common questions of law and fact identified herein and to be identified through discovery predominate over questions that may affect only individual Class members.

38. As to superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this matter pursuant to Rule 23 because the injuries suffered by the individual Class members are relatively small. As such, the expense and burden of individual litigation would make it virtually impossible for Plaintiff and Class members to individually seek redress for Defendant's wrongful conduct.

39. Additionally, the class is numerous enough to render joinder of all members or the maintenance of separate suits impracticable. Even if any individual person or group of Class members could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. The class action device is preferable to individual litigation because it provides the benefits of unitary adjudication, economies of scale, and comprehensive resolution by a single court. Further, the difficulties likely to be encountered in the management of this action as a class action are minimal.

40. In contrast, the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party or parties opposing the Class and would lead to repetitious trials of many common questions of law and fact.

41. Plaintiff knows of no difficulty to be encountered in the management or maintenance of this action that would preclude its maintenance as a class action. But absent a class action, Plaintiff and Class members will continue to suffer losses, thereby allowing Defendant's violations of law to proceed without remedy and allowing Defendant to retain the proceeds of their ill-gotten gains.

42. For all these reasons, a class action is superior to other available methods for the fair and efficient adjudication of this action.

43. As stated above, Discord has acted or refused to act on grounds generally applicable to the class, thereby making appropriate corresponding declaratory relief with respect to the Class as a whole.

44. All conditions precedent to bringing this action have been satisfied, waived, or both.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law**
**(Cal. Bus. & Prof. Code § 17200, et seq.)**
**(On Behalf of Plaintiff and the Class)**

45. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated here.

46. California law applies to the class because California has a significant interest in

regulating the conduct of businesses operating within its borders. Moreover, the principal place of business of Discord is in California, which constitutes the "nerve center" of its business activities—the place where its high-level officers direct, control, and coordinate the corporation's activities, including decisions related to cancellation policies.

47. Discord's conduct described herein violates the Unfair Competition Law ("UCL"), codified at California Business and Professions Code section 17200, *et seq*.

48. Defendant made unlawful automatic renewal and/or continuous service offers to consumers in California in violation of California's Automatic Renewal Law (the "ARL"), Cal. Bus. & Prof. Code § 17600 *et seq*., by (1) failing to provide "clear and conspicuous" disclosures mandated by California law; (2) charging consumers' credit or debit cards for subsequent to cancelling their subscriptions without users' affirmative consent; (3) failing to provide an acknowledgment to Plaintiff and the Class that includes the automatic renewal or continuous service offer terms, the cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; and (4) failing to allow a consumer to terminate the automatic renewal or continuous service exclusively online, at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately. The foregoing violations of the ARL by Defendant likewise constitute violations a violation of the UCL.

49. The UCL prohibits, and provides civil remedies for, unfair competition. Its purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. In service of that purpose, the Legislature framed the UCL's substantive provisions in broad, sweeping language.

50. The UCL imposes strict liability. Plaintiff need not prove that Discord intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

51. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

CLASS ACTION COMPLAINT

52. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the public.

53. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

54. Discord committed unfair and fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, by affirmatively and knowingly misrepresenting that Discord's cancellation of accounts will also cancel subscription payments, as described herein.

55. Discord also committed unlawful business acts and practices as defined by the UCL by violating multiple portions of California's Automatic Renewal Law ("ARL"), specifically Cal. Bus. & Prof. Code§§ 17601(b) which required Defendant to describe the cancellation policy that applies to Discord's offer, and failing to abide by that cancellation policy. Discord also violated section 17602(d)(1) of the ARL which provides "a business that allows a consumer to accept an automatic renewal or continuous service offer online shall allow a consumer to terminate the automatic renewal or continuous service exclusively online, at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately."

56. Defendant's acts and practices offend an established public policy of truthful advertising in the marketplace, and constitute immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

57. The harm to Plaintiff and the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

58. Defendant's conduct also constitutes an "unlawful" act under the UCL because, as detailed in Plaintiff' Second Claim for Relief below, it also constitutes a violation of sections 1770(a)(5) and (a)(9) of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code section 1750, *et seq.*, as set forth more fully below.

59. Discord's business practices have misled Plaintiff and the proposed Class and, unless enjoined, will continue to mislead them in the future.

60. Plaintiff relied on Defendant's misrepresentations in choosing to purchase a Discord subscription.

61. By falsely marketing its cancellation practices, Discord deceived Plaintiff and Class members into making purchases they otherwise would not make.

62. As a direct and proximate result of Discord's unfair, fraudulent, and unlawful practices, Plaintiff and Class members suffered and will continue to suffer actual damages. Defendant's fraudulent conduct is ongoing and presents a continuing threat to Plaintiff and Class members that they will be deceived. Plaintiff desires to conduct further business with Discord but cannot rely on Discord's representations unless an injunction is issued.

63. As a result of its unfair, fraudulent, and unlawful conduct, Discord has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and Class members pursuant to Cal. Bus. & Prof. Code § 17203 and 17204.

64. Pursuant to Business & Professions Code §§ 17203 and 17500, Plaintiff and the members of the Class, on behalf of the general public, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their unfair, unlawful, and fraudulent practices.

65. Plaintiff has no adequate remedy at law in part because Discord's conduct is continuing. Plaintiff therefore seek an injunction on behalf of the general public to prevent Discord from continuing to engage in the deceptive and misleading practices described herein.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Consumer Legal Remedies Act ("CLRA")**
**(Cal. Civ. Code § 1750, et seq.)**
**(On behalf of Plaintiff and the Class)**

66. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated here.

67. California law applies to the class because California has a significant interest in regulating the conduct of businesses operating within its borders. Moreover, the principal place of business of Discord is in California, which constitutes the "nerve center" of its business activities—the place where its high-level officers direct, control, and coordinate the corporation's activities,

including decisions related to cancellation policies.

68. This cause of action is brought pursuant to the Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750, *et seq*. Plaintiff and each member of the proposed Class are "consumers" as defined by California Civil Code section 1761(d).

69. Defendant's sale of video conferencing services to consumers were "transactions" within the meaning of California Civil Code section 1761(e).

70. The Discord subscriptions purchased by Plaintiff and the Class are "goods" within the meaning of California Civil Code section 1761(a).

71. Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code section 1770(a) in transactions with Plaintiff and the Class which were intended to result in and did result in the sale of Discord subscriptions: (i) "[r]epresenting that goods or services have . . . characteristics . . . that they do not have," Cal. Civ. Code § 1770(a)(5); "[a]dvertising goods or services with intent not to sell them as advertised," Cal. Civ. Code § 1770(a)(9).

72. Defendant made unlawful automatic renewal and/or continuous service offers to consumers in California in violation of California's Automatic Renewal Law (the "ARL"), Cal. Bus. & Prof. Code § 17600 *et seq*., by (1) failing to provide "clear and conspicuous" disclosures mandated by California law; (2) charging consumers' credit or debit cards for subsequent to cancelling their subscriptions without users' affirmative consent; (3) failing to provide an acknowledgment to Plaintiff and the Class that includes the automatic renewal or continuous service offer terms, the cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer; and (4) failing to allow a consumer to terminate the automatic renewal or continuous service exclusively online, at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately. The foregoing violations of the ARL by Defendant likewise constitute violations a violation of the CLRA.

73. Specifically, as alleged herein, Discord has misrepresented and continues to misrepresent that consumers who whose accounts are cancelled by Discord will no longer be charged for subscriptions.

74.     Discord has directed and does direct these misrepresentations at consumers before purchase through marketing communications.

75.     Discord has directed and does direct these misrepresentations at consumers after purchase of Discord subscriptions when consumers desire to cancel Discord subscriptions.

76.     At no time does Discord disclose its true cancellation practices, it repeatedly conceals and misrepresents this material information.

77.     Discord continues to violate the CLRA and continues to injure the public by misleading consumers about its cancellation policies. Accordingly, Plaintiff seeks injunctive relief on behalf of the general public to prevent Discord from continuing to engage in these deceptive and illegal practices. Otherwise, Plaintiff, the Class members, and members of the general public may be irreparably harmed or denied an effective and complete remedy if such an order is not granted.

78.     In accordance with California Civil Code section 1780(a), Plaintiff and the Class members seek injunctive and equitable relief on behalf of the general public for violations of the CLRA, including restitution and disgorgement.

79.     Pursuant to section 1782(a) of the CLRA, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of section 1770 of the CLRA and demanded that it both rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or fails to agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within thirty days of the date of written notice, as proscribed by section 1782, Plaintiff will move to amend his Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate, against Defendant. However, as to this cause of action, at this time, Plaintiff seek only injunctive relief.

**THIRD CLAIM FOR RELIEF**
**False and Misleading Advertising**
**(Bus. & Prof. Code §§ 17500, et seq.)**
**(On Behalf of Plaintiff and the Class)**

80.     Plaintiff hereby incorporates by reference the preceding paragraphs if fully restated here.

81. California law applies to the class because California has a significant interest in regulating the conduct of businesses operating within its borders. Moreover, the principal place of business of Discord is in California, which constitutes the "nerve center" of its business activities—the place where its high-level officers direct, control, and coordinate the corporation's activities, including decisions related to cancellation policies.

82. California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code section 17500, states that "[i]t is unlawful for any . . . corporation . . . with intent . . . to dispose of . . . personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

83. Defendant's material misrepresentations and omissions alleged herein violate Business and Professions Code section 17500.

84. Defendant knew or should have known that its misrepresentations and omissions were false, deceptive, and misleading.

85. Pursuant to Business and Professions Code sections 17203 and 17500, Plaintiff and the members of the Class, on behalf of the general public, seek an order of this Court enjoining Defendant from continuing to engage, use, or employ their deceptive practices.

86. Further, Plaintiff requests an order awarding Plaintiff and class members restitution of the money wrongfully acquired by Defendant by means of said misrepresentations.

87. Additionally, Plaintiff and the Class members seek an order requiring Defendant to pay attorneys' fees pursuant to California Civil Code section 1021.5.

**FOURTH CLAIM FOR RELIEF**
**Violation of Texas' Deceptive Trade Practices-Consumer Protection Act ("DTPA")**
**(On Behalf of Plaintiff and the Texas Subclass)**

88. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

89. Plaintiff is a "consumer" as defined in the DTPA.

90. Defendant violated the following provisions of the DTPA;

    a. §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(7), §17.46(b)(12), §17.46(b)(20), and §17.46(b)(24) of the DTPA that were detrimentally relied upon by Plaintiff;

    b. §17.50(2): breach of express warranty, as defined in §2.313 of the Texas Business and Commerce Code;

    c. §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

91. Plaintiff further contends that Defendant's violations of the DTPA were committed knowingly and intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA.

92. This conduct was a producing and/or proximate cause of actual damages to Plaintiff, as set forth herein.

93. Pursuant to Tex. Bus. & Com. Code § 17.505, Plaintiff's counsel notified Defendant in writing by certified mail of the particular violations of the DTPA and demanded that it both rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to act. If Defendant fails to respond to Plaintiff's letter or fails to agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within sixty days of the date of written notice, as proscribed by section 17.505, Plaintiff will move to amend her Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate, against Defendant. However, as to this cause of action, at this time, Plaintiff seek only injunctive relief.

**FIFTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Class)**

94. Plaintiff incorporates the preceding paragraphs of this Complaint as if fully set forth herein.

95. Plaintiff, individually and on behalf of the Classes, asserts a common law claim for unjust enrichment. This claim is brought solely in the alternative to Plaintiff's statutory claims. In

such circumstances, unjust enrichment will dictate that Defendant disgorge all improperly assessed fees. Also, if claims are deemed not to be covered by the contract—for example, if Defendant has violated state and federal law, but in such a way that it does not violate the contract, then unjust enrichment will require disgorgement of all improperly assessed subscription fees.

96. By means of Defendant's wrongful conduct alleged herein, Defendant knowingly assessed subscription fees upon Plaintiff and the members of the Classes that cancelled their subscriptions that are unfair, unconscionable, and oppressive.

97. Defendant has unjustly retained a benefit in the form of improper membership fees to the detriment of Plaintiff and the members of the Classes.

98. Defendant has retained this benefit through its fee maximization scheme, and such retention violates fundamental principles of justice, equity, and good conscience.

99. Defendant should not be allowed to profit or enrich itself inequitably and unjustly at the expense of Plaintiff and the members of the Class and should be required to make restitution to Plaintiff and the members of the Classes.

**PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiff, individually and on behalf of the Class, pray for the following relief:

1. Certification for this matter to proceed as a class action on behalf of the Class pursuant to Rule 23;

2. Appointment of the Plaintiff as representative of the Class;

3. Appointment of counsel for Plaintiff as Lead Counsel for the Class;

4. A finding that Discord's practices are in violation of state consumer protection statutes;

5. Restitution of all amounts improperly paid to Discord by Plaintiff and the members of the Class as a result of the wrongs alleged herein in an amount to be determined at trial;

6. Actual damages in an amount according to proof;

7. Statutory damages as allowed by law;

8. An award of pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

9. An award of costs and attorneys' fees under the common fund doctrine and all other applicable law; and

10. Declaratory and injunctive relief on behalf of the general public.

11. Plaintiff also request such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Class Action Complaint that are so triable.

Dated: October 20, 2023                              **KALIELGOLD PLLC**

By /s/ Sophia Goren Gold
Jeffrey D. Kaliel
Sophia Goren Gold

*Attorneys for Plaintiff and the Proposed Class*